UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VICTOR PACHECO,

          Plaintiff,

     v.

COUNTY OF MONTEREY, et al.,

          Defendants.

Case No. 26-cv-00832-AGT (PR)

**ORDER SCREENING
COMPLAINT**

## INTRODUCTION

Plaintiff Victor Pacheco alleges that two sheriff's deputies at the Monterey County Jail used excessive force against him. His 42 U.S.C. § 1983 complaint is now before the Court for screening pursuant to 28 U.S.C. §§ 1915 and 1915A(a).

While plaintiff's allegations against the two named deputies may state a claim for relief, his complaint cannot proceed in its present state. Plaintiff names the County of Monterey as a defendant, but he puts forth no allegations showing liability on the part of the County. In his amended complaint, plaintiff must correct this deficiency or his action will be referred to a district judge with a recommendation to dismiss the claim against the County. Accordingly, on or before **July 1, 2026**, plaintiff shall file an amended complaint correcting the deficiencies of the complaint. <u>If plaintiff does not file an amended complaint by July 1, 2026, or if the complaint is deficient, this action will be reassigned to a district judge with a report and recommendation that the action be dismissed.</u>

Plaintiff has consented to magistrate judge jurisdiction for all purposes under 28 U.S.C. § 636(c).  (Dkt. Nos. 7 and 8.)

## STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

Plaintiff alleges that on January 14, 2025 at the Monterey County Jail, two sheriff's deputies (Flores and Ramos) used excessive force on him.  (Compl., Dkt. No. 1 at 2-3, 9, 17-19.)  While such allegations may state a claim for relief, this action cannot

proceed with the complaint in its present state.  Plaintiff names the County of Monterey, but alleges no specific facts showing liability on the part of the County.  His reference to a 2013 federal action filed against the County of Monterey is not sufficient.[1]

Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978); however, a municipality may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, *see Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691. To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show:  (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that the policy amounted to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy was the moving force behind the constitutional violation.  *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).  There is nothing in plaintiff's allegations showing that Monterey County had a policy that amounted to deliberate indifference to his constitutional rights and that that policy was the moving force behind the constitutional violation.

In his amended complaint, plaintiff may either (1) allege specific facts showing municipal liability and repeat his allegations against Flores and Ramos; or (2) drop his claims against Monterey County and repeat and pursue his allegations against Flores and Ramos only.

## CONCLUSION

**On or before July 1, 2026, plaintiff shall file an amended complaint**.  The amended complaint must include the caption and civil case number used in this order (26-00832 AGT (PR)) and the words FIRST AMENDED COMPLAINT must appear on the

---

[1] *Hernandez v. County of Monterey*, 305 F.R.D. 132 (N.D. Cal. Jan. 25, 2015).

first page.  It must appear on this Court's form, a copy of which will be sent to him.  Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate material from the prior complaint by reference.  If plaintiff does not file an amended complaint by July 1, 2026, or if the complaint is deficient, this action will be reassigned to a district judge with a report and recommendation that the action be dismissed.

It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so.

**IT IS SO ORDERED.**

**Dated:**  May 19, 2026

ALEX G. TSE
United States Magistrate Judge

4